UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOY V. MOORE,
Individually and on behalf of a class,

                        Plaintiff,         Case No. 17-cv- 2656

              - against -

D & A SERVICES, LLC,

                        Defendant.
-----------------------------------------------------------X

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff brings this action to secure redress against unlawful credit and collection practices engaged by defendant D & A Services, LLC. Plaintiff alleges violation of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give certain information. 15 U.S.C. §§1692e and 1692g.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k (FDCPA).

3. Venue and personal jurisdiction over defendant in this District is proper because defendant's collection activities impacted plaintiff here and because defendant transacts business in this District.

## PARTIES

4. Plaintiff, Joy V. Moore, is an individual resident of the State of New York, residing in the County of Bronx. Plaintiff is a "Consumer" as that term is defined by 15 U.S.C. §1692a(3) of the FDCPA in that the alleged debt that the defendant sought to collect from Plaintiff is a consumer debt.

5. Defendant, D & A Services, LLC, is an Illinois Foreign Professional Service Limited Liability Company doing business in New York. Defendant is regularly engaged in the collection of debts allegedly owed by consumers. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

## FACTS

6. On or about September 9, 2016, Plaintiff was mailed the collection letter attached as Exhibit A. Plaintiff received it in the ordinary course of mail.

7. Exhibit A sought to collect a debt incurred for personal, family or household use and not for business purposes.

8. Exhibit A was the first written communication the Defendant had with the Plaintiff.

9. Exhibit A is, on information and belief, a form letter.

10. Exhibit A states that Plaintiff owes to Defendant's client a "Current Balance" of $4,475.21. An Accounting of Debt is provided as follows:

**The total amount of the debt due as of charge-off:    $4,345.90**
**The total amount of interest accrued since charge-off:  $ 129.31**

11. Exhibit A does not disclose that the balance may increase due to interest and fees even though it is an undisputable fact that the balance does increase due to Interest.

12. Plaintiff believes from reading the collection letter that the Balance Due was static and that payment of the Balance Due would satisfy the debt no matter when the payment was made, when in fact, the Balance Due continues to accrue interest and fees.

13. Debt collectors transacting business in the Second Circuit are bound to disclose that the balance may increase due to interest and fees. See *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, (2d Cir. 1016) (the "*Avila* Disclosure").

14. As a result of defendant's abusive, deceptive and unfair debt collection practices, plaintiff has been damaged.

### FIRST CAUSE OF ACTION
(Violations of the FDCPA)

15. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 14 of this Complaint as though set forth at length herein.

16. Collection letters such as those sent by defendant are to be evaluated by the objective standard of hypothetical "least sophisticated consumer."

17. Section 1692e(2) states that:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. . . . the following conduct is a violation of this section:**

**(2) The false representation of –**
  **(A) the character, amount, or legal status of any debt.**

18. Plaintiff read Exhibit A and believed that by paying the Current Balance she is

3

paying her entire debt in full when in fact, interest is accruing daily and undisclosed fees may be added.

19. That by paying the Current Balance, Plaintiff does not know whether the debt has been paid in full.

20. That the Defendant could still seek to collect additional interest and fees that have accrued between the date that <u>Exhibit A</u> was mailed and the date that payment of the Current Balance was made.

21. The FDCPA requires that debt collectors disclose to consumers that the balance due may increase due to interest and fees when they notify consumers of their balance.

22. <u>Exhibit A</u> makes no disclosure that the Balance Due may increase due to interest and fees.

23. Defendant used false representation of the character, amount, and legal status of the debt in connection with the collection of the debt in violation of 15 U.S.C. §§ 1692e and 1692e(2).

## **SECOND CAUSE OF ACTION**
(Violations of the FDCPA)

24. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 25 of this Complaint as though set forth at length herein.

26. Collection letters such as those sent by defendant are to be evaluated by the objective standard of hypothetical "least sophisticated consumer."

27. Pursuant to 15 U.S.C. § 1692g(a), the Defendant must provide the Plaintiff with the following mandatory statutory Validation of Debt language:

**(a) NOTICE OF DEBT; CONTENTS** Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

**(1)** the amount of the debt

28. Defendant's Exhibit A confuses and misleads the plaintiff as to the amount of the debt. Even a sophisticated consumer would not have the ability to know that the balance continues to grow and that the amount paid is less than the amount actually owed as a result of Defendant's intentional omission of the *Avila* Disclosure.

29. The least sophisticated consumer would likely be confused and uncertain as to the amount of the debt that is owed.

30. Defendant used false representation of the character, amount, and legal status of the debt in connection with the collection of the debt in violation of 15 U.S.C. §§ 1692e and 1692g.

## CLASS ALLEGATIONS

31. Pursuant to Fed.R.Civ.P. 23(a), plaintiff brings this claim on behalf of a class.

32. The class consists of (a) all natural persons (b) who were sent a letter as Exhibit A (c) seeking to collect a debt (d) on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

33. The class is so numerous that joinder is impracticable.

34. On information and belief, there are more than 50 natural persons who were sent a letter similar to Exhibit A on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

35. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

    a. Whether the defendant violated various provisions of the FDCPA, including by not limited to 15 U.S.C. §§1692e and 1692g; and/or

    b. Whether the account referenced in Defendant's letter was continuing to accrue interest and whether the appropriate disclosure was made; and/or

    c. Whether defendant's letter was false, deceptive and misleading; and/or

    e. Whether the letter violates the FDCPA; and/or

36. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

37. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

38. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. The nature of the wrong depends on the deception of the consumer, so it is unlikely to be detected or remedied without a class action.

**WHEREFORE**, Plaintiff respectfully demands judgment in favor of Plaintiff and the class and against the Defendant as follows:

a)   Statutory damages;

b)   Attorney's fees, litigation expenses and costs of suit;

c)   Declaratory relief finding the collection letter violates the FDCPA;

d) For such other and further relief which this court deems just and proper.

Dated: Brooklyn, New York
      April 13, 2017

                                    SHAKED LAW GOUP, P.C.
                                    Attorneys for Plaintiff

                                  By: _____
                                    Dan Shaked (DS-3331)
                                    44 Court St., Suite 1217
                                    Brooklyn, NY 11201
                                    Tel. (917) 373-9128
                                    Fax (718) 704-7555
                                    e-mail: ShakedLawGroup@Gmail.com

## JURY DEMAND

      Plaintiff hereby demands trial by jury.

_____
Dan Shaked (DS-3331)